SEP 15 2026 PM12:36
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

JAMES CLIFFORD MAXWELL JR.,

Plaintiff,

v. CIVIL ACTION NO.: 8:26-cv-2691-MSS-SPF

JURY TRIAL DEMANDED

TRANSUNION LLC,

EQUIFAX INFORMATION SERVICES LLC,

EXPERIAN INFORMATION SOLUTIONS, INC.,

CAPITAL ONE, N.A.,

CONCORA CREDIT INC.,

THE BANK OF MISSOURI,

LVNV FUNDING LLC, and

SPRING OAKS CAPITAL LLC,

Defendants.

_______________________________________/

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER THE FAIR CREDIT REPORTING ACT,

TRUTH IN LENDING ACT, AND STATE LAW

Plaintiff James Clifford Maxwell Jr., proceeding pro se, brings this civil action against Defendants TransUnion LLC, Equifax Information Services LLC, Experian Information Solutions, Inc., Capital One, N.A., Concora Credit Inc., The Bank of Missouri, LVNV Funding LLC, and Spring Oaks Capital LLC, alleging as follows:

IFP

## I. JURISDICTION AND VENUE

1. This Court has federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p (Fair Credit Reporting Act).

2. This Court exercises supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Middle District of Florida (Tampa Division) pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in Hillsborough County, Florida, and a substantial part of the acts, omissions, and harms occurred within this District.

## II. PARTIES

4. Plaintiff James Clifford Maxwell Jr. is an individual residing at 12211 N. 15th St., Tampa, FL 33612, and is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

5. Defendant TransUnion LLC is a nationwide "consumer reporting agency" (CRA) under 15 U.S.C. § 1681a(f), regularly transacting business in the State of Florida.

6. Defendant Equifax Information Services LLC is a nationwide CRA under 15 U.S.C. § 1681a(f), regularly transacting business in the State of Florida.

7. Defendant Experian Information Solutions, Inc. is a nationwide CRA under 15 U.S.C. § 1681a(f), regularly transacting business in the State of Florida.

8. Defendant Capital One, N.A. is a national banking association and a "furnisher" of consumer credit data under 15 U.S.C. § 1681s-2.

9. Defendant Concora Credit Inc. is an Oregon corporation acting as a servicer and furnisher of credit data under 15 U.S.C. § 1681s-2.

10. Defendant The Bank of Missouri (TBOM) is a state-chartered financial institution and a furnisher under 15 U.S.C. § 1681s-2.

11. Defendant LVNV Funding LLC is a third-party debt buyer and furnisher under 15 U.S.C. § 1681s-2.

12. Defendant Spring Oaks Capital LLC is a third-party debt buyer and furnisher under 15 U.S.C. § 1681s-2.

## III. FACTUAL ALLEGATIONS

### A. Unlawful Re-Aging, "Status 97" Charge-Offs, and Disaster Protections (Capital One & CRAs)

13. Plaintiff was the holder of Capital One credit accounts (ending in *4460, *3822, *549112, and *517805) which were permanently closed and charged off between 2018 and 2021 with $0.00 monthly payment obligations.

14. Notwithstanding their closure years ago, Capital One and Defendants TransUnion, Experian, and Equifax have continuously published monthly recurring delinquency codes, including 56+ consecutive rolling 90-day late marks on Equifax, and updated "Last Reported" dates through August 2026.

15. Under CDIA Metro 2 standards and 15 U.S.C. § 1681c (FCRA § 605), closed, uncollectible debt cannot generate new monthly delinquency marks or ongoing demands against a zero balance. By continuously rolling these delinquency counters, Defendants re-aged obsolete debt beyond the statutory 7-year obsolescence window mandated by 15 U.S.C. § 1681c(a)(4).

16. These continuous monthly charge-off notations synthetically inflated Plaintiff's revolving credit utilization to over 150%, severely suppressing Plaintiff's credit scores.

17. Furthermore, Capital One breached its express written disaster accommodation agreement dated November 1, 2024 (Account *9289 / *3900), which confirmed Plaintiff's minimum payment was reduced to $0.00 and would not fall further behind, by improperly furnishing and reporting late marks covering that disaster period in violation of CARES Act § 4021 (15 U.S.C. § 1681s-2(a)(1)(F)).

### B. Refusal to Execute Mandatory Section 605B Identity Theft Blocks (15 U.S.C. § 1681c-2)

18. On July 24, 2026, Plaintiff submitted official FTC Identity Theft Report #204374687 and proof of identity to TransUnion, Experian, and Equifax.

19. Under 15 U.S.C. § 1681c-2(a), the CRAs were statutorily required to block the reporting of all fraudulent items within four (4) business days.

20. In written correspondence dated August 27, 2026, Defendant TransUnion admitted in writing that rather than blocking the fraudulent lines within four business days, it converted

the FTC Identity Theft Report into a standard 30-day furnisher dispute investigation, directly violating § 605B.

21. Defendants Experian and Equifax likewise failed to block the fraudulent tradelines within the statutory period despite proof that Plaintiff's personal identifying information was compromised in multiple major data breaches.

C. Unlawful Reinsertion Without Notice (15 U.S.C. § 1681i(a)(5)(B))

22. Derogatory accounts for LVNV Funding LLC (*2521 / *426498) and Spring Oaks Capital LLC (*111474) were previously deleted and suppressed from Plaintiff's credit disclosures.

23. TransUnion and Equifax subsequently reinserted these derogatory accounts onto Plaintiff's live credit files without providing the mandatory 5-day written Notice of Reinsertion required by 15 U.S.C. § 1681i(a)(5)(B).

D. Deceptive Credit Terms, Retaliatory Lockouts, and Abusive Fees (Concora Credit & TBOM)

24. Defendants Concora Credit and TBOM induced Plaintiff to open accounts (Destiny *5728, Indigo *6640, and Milestone *4319) with promotional promises of high credit limits up to $7,000, only to immediately slash them to fixed limits as low as $500 while enforcing undisclosed internal restrictions barring any credit line growth.

25. Following Plaintiff's written disputes, Concora and TBOM retaliated by locking Plaintiff out of his online account portals under the pretext that Plaintiff mentioned legal rights.

26. This portal lockout obstructed Plaintiff's ability to submit payments, altered amounts due, assessed retaliatory fees and interest, and furnished false delinquency marks during active FEMA disaster windows (Hurricanes Helene and Milton), in violation of federal guidelines and CDIA Metro 2 disaster reporting rules (FAQ 58).

E. Actual Economic, Physical, and Medical Harm (15 U.S.C. § 1681o)

27. As a direct result of Defendants' combined statutory violations, Plaintiff's credit scores were driven into the 400s and 500s.

28. This severe artificial suppression directly caused:

a. Formal commercial financing denials for Jay's Consulting & More LLC, including Capital One Spark Classic denials explicitly citing "serious delinquency";

b. Housing and tenant denials in Tampa, Florida (SafeRent), forcing Plaintiff into extended homelessness and causing over $34,000.00 in out-of-pocket lodging expenses; and

c. Severe medical exacerbation: As adjudicated in Plaintiff's Social Security Disability Decision (ALJ Amber Downs, Aug 18, 2025), prolonged homelessness prevented Plaintiff from obtaining the sterile recovery environment necessary for required C5-C7 Anterior Cervical Discectomy and Fusion (ACDF) spinal surgery, causing permanent spinal cord compression and left-sided hemiplegia.

## IV. CAUSES OF ACTION

### COUNT I: WILLFUL NON-COMPLIANCE WITH THE FCRA (15 U.S.C. § 1681n)

(Against Defendants TransUnion, Equifax, and Experian)

29. Plaintiff re-alleges paragraphs 1–28.

30. The CRA Defendants willfully failed to maintain reasonable procedures to assure maximum possible accuracy under § 1681e(b), unlawfully published obsolete derogatory data past the statutory limits under § 1681c, failed to execute the mandatory 4-day identity theft block under § 1681c-2, failed to conduct reasonable reinvestigations under § 1681i, and unlawfully reinserted deleted tradelines without statutory notice under § 1681i(a)(5)(B).

31. Under 15 U.S.C. § 1681n, Plaintiff is entitled to statutory damages between $100 and $1,000 per violation, actual damages, punitive damages, and costs.

### COUNT II: NEGLIGENT NON-COMPLIANCE WITH THE FCRA (15 U.S.C. § 1681o)

(Against All Defendants)

32. Plaintiff re-alleges paragraphs 1–28.

33. Defendants negligently failed to comply with their duties under 15 U.S.C. § 1681 et seq., directly and proximately causing Plaintiff severe financial, commercial, emotional, and physical damages.

COUNT III: WILLFUL VIOLATION OF FURNISHER DUTIES (15 U.S.C. § 1681s-2(b))

(Against Capital One, Concora Credit, TBOM, LVNV Funding, and Spring Oaks Capital)

34. Plaintiff re-alleges paragraphs 1–28.

35. After receiving formal dispute notices from the CRAs, the Furnisher Defendants failed to conduct reasonable investigations, continued verifying inaccurate and re-aged tradelines, and failed to direct the CRAs to correct or delete false and obsolete entries.

COUNT IV: VIOLATIONS OF TRUTH IN LENDING ACT & REGULATION Z (15 U.S.C. § 1640; 12 C.F.R. § 1026)

(Against Concora Credit and TBOM)

36. Plaintiff re-alleges paragraphs 1–28.

37. Concora and TBOM engaged in deceptive marketing, structural online payment obstruction, and improper assessment of fees and finance charges.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff James Clifford Maxwell Jr. respectfully requests that the Court enter judgment in his favor and against Defendants, jointly and severally, awarding:

A. Actual, commercial, compensatory, and physical damages according to proof at trial;

B. Statutory damages under 15 U.S.C. § 1681n for each willful violation of the FCRA;

C. Punitive damages against each Defendant in an amount sufficient to punish and deter willful corporate non-compliance, as determined by the jury;

D. Permanent injunctive relief directing Defendants to delete and permanently suppress all disputed, re-aged, and fraudulent tradelines; and

E. Any further legal or equitable relief this Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff James Clifford Maxwell Jr. demands a trial by jury on all issues so triable.

Dated: September 11, 2026

Respectfully submitted,

James Clifford Maxwell Jr., Pro Se

12211 N. 15th St.

Tampa, FL 33612

Phone: (656) 242-1621/813-447-6339

Email: dabasics2@gmail.com